# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK LEON JONES,

    Plaintiff,

v.                                             Case No. 09-C-93

HEALTH SERVICE SUPERVISOR KENOSHA COUNTY JAIL
and JOHN DOES, all nurses that responded to his request
and that didn't provide him with medical treatment,

    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. #27), DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT BY NOVEMBER 13, 2009, ORDERING UNITED STATES MARSHALS SERVICE TO SERVE AMENDED COMPLAINT, DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DOC. #31), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #32), DISMISSING DEFENDANT HEALTH CARE SUPERVISOR KENOSHA COUNTY JAIL, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #46)

The plaintiff, Patrick Leon Jones, who is incarcerated at the Kenosha County Detention Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on an Eighth Amendment deliberate indifference to a serious medical claim based on complaint allegations regarding his detainment at the Kenosha County Jail. Several motions are pending which will be addressed herein.

## Motion to Amend the Complaint

On July 23, 2009, Jones filed a motion for leave to amend the complaint asserting that since the filing of this action, the defendants have continued to violate his

1

rights by denying him necessary medical care. In response, defendant Health Service Supervisor Kenosha County Jail submits that the proposed amendment does not allege any new facts and fails to cure defects indicating that they lack liability as argued in their motion for summary judgment. The defendant further asserts that motion to amend is a moot issue and would result in undue delay and prejudice.

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* at 182.

As indicated, Jones seeks leave to add allegations regarding events that occurred after he filed the original complaint which are similar to his initial allegations. The motion was filed within a reasonable time period. In addition, since filing the motion, Jones has followed the direction set forth in the May 13, 2009, Screening Order to use discovery to identify the names of John Doe defendants. However, Jones did not file a proposed amended complaint along with his motion to amend. The Local Rules provide:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the

2

Case 2:09-cv-00093-CNC   Filed 11/02/09   Page 2 of 5   Document 54

> clerk must then detach the amended pleading and file it when
> the order granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.). Consequently, Jones is required to tender a comprehensive proposed amended complaint along with his motion to amend.

A proposed amended complaint must bear the docket number assigned to this case, must be labeled "Amended Complaint," and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). It will then supercede the prior complaint. In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. *Id.* (citations omitted). If Jones does not file an amended complaint by November 13, 2009, the original complaint will remain the operative complaint in this action.

<u>Motion to Compel Discovery</u>

On August 6, 2009, Jones filed "Motion Requesting Defendants Attorney to Release Plaintiff John [Doe] Defendants Identities" which is construed as a motion to compel. The defendant's response reveals that Jones's motion was filed less than thirty days after he made his initial discovery request from the defendant. On August 31, 2009, the defendant filed with the court a copy of Defendant's Response to Plaintiff's Informal Discovery Request and Jones subsequently filed a document titled Defendants Identification of Kenosha County Jail Health Services in which he identifies two of the John Doe defendants, as JoAnn Medly, RN, and Barb Oberhardt, LPN. Based on the foregoing, Jones's motion to compel will be denied as moot.

3

## Motions for Summary Judgment

On August 11, 2009, defendant Health Service Supervisor Kenosha County Jail filed a motion for summary judgment because it is not a position or title held by any person within the Kenosha County Sheriff's Department or Kenosha County and is, in essence, another John Doe defendant. Hence there is no basis for proceeding further against this defendant. On the other hand, two John Doe defendants have been identified.

On September 1, 2009, Jones filed a motion for summary judgment. His motion, however, is more of a request that the court not dismiss this action. Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to file amended complaint (Docket #27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff file an amended complaint, as described herein, on or before **November 13, 2009**.

**IT IS FURTHER ORDERED** that the United States Marshals Service serve the amended complaint pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #31) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Health Care Supervisor Kenosha County Jail is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #46) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge